Derbigny, J.
delivered the opinion of the court. Stephen A. Hopkins, of whom the defendant and appellee is the widow, was employed as counsel by the attornies in fact of the appellant, for the purpose of suing one Alexander Millet for a debt of twelve thousand dollars and upwards, to secure which said Millet had given to the appellant's firm a mortgage on two plantations and some slaves. Hopkins obtained an order of seizure of the mortgage premises, by virtue of which one of the plantations and three slaves were seized and sold. At this sale, Hopkins himself, in his own name, became the purchaser of the plantation, for the sum of $5,334, and of one of the slaves, for $6OO. The present suit is brought against his widow and curatrix of his estate, to have payment of those sums.
To this the defendant answers, that her husband bought the plantation and slave for the account of his clients, at their special instance and request; that he always was, and that his representatives ever are, ready to reconvey the same to them.
*439 Part of the evidence offered by the plaintiff having been rejected below, his demand was dismissed for want of proof; and the appeal is brought up on two bills of exceptions against the refusal of that evidence.
The first relates to the tender made by the plaintiff of a certified copy of the bill of sale executed by the sheriff in favor of Hopkins. The introduction of that copy was not allowed, it is said, because, when the plaintiff exhibited it, the defendant produced a paper, which he called the original, which original did not agree with the copy tendered by the plaintiff; whereupon the parish judge, who had, as sheriff, made the sale in question, was sworn to state whether the paper offered by the defendant was really the original bill of sale. To this mode of proceeding the plaintiff objected, we think, very properly. The certified copy of the sale, being the best evidence in the power of the plaintiff, ought to have been received ; and the attempt made by the defendant, at that stage of the cause, to prevent its admission, under pretence that he, the defendant, had the original in his possession, was an untimely and improper interference, which ought not to have been countenanced.
The second bill of exceptions tendered by *440 the plaintiff is against the refusal of the judge to admit oral evidence to prove that Hopkins possessed the plantation in his own name, cultivating the land, speaking of it as his property, and even offering to sell it. We think that such evidence was legal and pertinent, and ought not to have been rejected : for the parties were at issue upon that very point, the plaintiff asserting that Hopkins had bought the plantation for himself, and the defendant not denying that Hopkins had contracted in his own name, but pretending that the purchase was for the account of the plaintiff, and offering to reconvey the property to him.
One other part of this bill of exceptions is against the rejection of the testimony which the plaintiff offered, to prove that the sale had been written by the parish judge, at the request of Hopkins, transferring this plantation to L. M. Reynand, and that Hopkins refused to sign it, because it expressed a general warranty. This testimony may have been rejected as superfluous, the fact of Hopkins having bought in his own name, being impliedly admitted in the answer, by the offer to reconvey.
The same bill of exceptions then mentions the refusal made by the judge to hear witnesses. to prove that the slave bought by Hopkins was *441 then in the possession of a third person, who had said he purchased her from Walter Gilbert We think that this testimony was legal, so far only as it went to shew that the slave was in the possession of a third person, the remainder of it being hearsay.
Finally, the same bill of exceptions contains the plaintiff's objection to the refusal of the judge to hear witnesses to prove the price for which the land in question could rent per year. This evidence, we think, was properly rejected; the rent of the plantation haying nothing to do with the demand, which is not a claim of the land but of a sum of money, the price of the purchase.
As to the question, which seems to have arisen below, on the validity of the original bill of sale, exhibited by the defendant, it does not come in such a shape as to authorize this court to take notice of it. The plaintiff filed his bill of exceptions as to the time and manner of its introduction-but nothing to shews that he opposed it on account of any defect of form; and as to the reasoning of the defendant, to demonstrate that a document, introduced by herself; is defective and not valid, it is treating her with indulgence to pass it by unnoticed.
Moreau for the plaintiff, Turner for the the defendant.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be reversed; and that this cause be remanded, to be tried anew, with instructions to the judge to admit the certified copy of sale tendered by the plaintiff, and any oral evidence by which he may offer to prove the manner in which Hopkins possessed the plantation and slave in question, and any step which he may have taken towards alienating them. it is further ordered, that the appellee do pay the costs of this appeal.